IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

JANE ROE,

        Plaintiff,

v.                                          CIVIL ACTION NO.  3:17-0094

WAYNE COUNTY BOARD OF EDUCATION,

        Defendant.

**ORDER**

Plaintiff filed with the Court a motion requesting that she be permitted to file her complaint and proceed in the case anonymously, or in the alternative, to proceed using only her initials. ECF No. 4. Until the Court can conduct a further inquiry, Plaintiff's Motion is **GRANTED**.

Generally, there is a presumption of openness of judicial proceedings, but the presumption is not absolute. *James v. Jacobs*, 6 F.3d 233, 238 (4th Cir. 1993). The Fourth Circuit, having had the occasion to opine on the circumstances needed to proceed anonymously, imposed a duty on trial courts to "inquire into the circumstances of particular cases to determine whether the dispensation is warranted." *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993). That inquiry should be guided, although not dictated, by an illustrative list of factors noted in the Fourth Circuit's opinion. They are:

> whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically to innocent non-parties; the ages of the persons whose privacy intersts are sought to be protected; whether the action is against a governmental or private party; and relatedly the risk of unfairness to

> the opposing party from allowing an action against it proceed anonymously.

*Id.* The Fourth Circuit subsequently added an additional factor for trial courts to consider when faced with a request to proceed anonymously. "[W]hen a party seeks to litigate under pseudonym, a district court has an independent obligation to ensure that extraordinary circumstances support such a request by balancing the party's stated interest in anonymity against the public's interest in openness." *Doe v. Pub. Citizen*, 749 F.3d 246, 273 (4th Cir. 2014).

With only the Complaint and the Plaintiff's laconic motion before it, the Court does not believe that it can conduct the type of inquiry required to exercise its discretion. Accordingly, the Court requests the Plaintiff to provide a more detailed explanation setting out with specificity and supported by citations to specific cases with similar fact patterns why she must proceed anonymously. To be clear, the Court is not requesting a more detailed account of the events that Plaintiff would like to keep private, the Complaint sets out enough detail on that matter, only why, in light of the Fourth Circuit's opinions and other similar cases, Plaintiff believes that she should be able to proceed anonymously. Put another way, what specifically is it about the information she may have to share during the trial process that make her anonymity necessary?

The Plaintiff shall submit her supplemental briefing on this issue within 14 days of this order. The Court will permit the Plaintiff to proceed anonymously until it has the opportunity to review the supplemental briefing and make a conclusive ruling on the matter.

The Court also **DIRECTS** the Plaintiff to serve a copy of her motion, her complaint, and this order on the Defendant. In any public filing by the Defendant, the Defendant shall not reveal any identifying information about the Plaintiff and shall use the Plaintiff's pseudonym only.

> the opposing party from allowing an action against it proceed anonymously.

*Id.* The Fourth Circuit subsequently added an additional factor for trial courts to consider when faced with a request to proceed anonymously. "[W]hen a party seeks to litigate under pseudonym, a district court has an independent obligation to ensure that extraordinary circumstances support such a request by balancing the party's stated interest in anonymity against the public's interest in openness." *Doe v. Pub. Citizen*, 749 F.3d 246, 273 (4th Cir. 2014).

With only the Complaint and the Plaintiff's laconic motion before it, the Court does not believe that it can conduct the type of inquiry required to exercise its discretion. Accordingly, the Court requests the Plaintiff to provide a more detailed explanation setting out with specificity and supported by citations to specific cases with similar fact patterns why she must proceed anonymously. To be clear, the Court is not requesting a more detailed account of the events that Plaintiff would like to keep private, the Complaint sets out enough detail on that matter, only why, in light of the Fourth Circuit's opinions and other similar cases, Plaintiff believes that she should be able to proceed anonymously. Put another way, what specifically is it about the information she may have to share during the trial process that make her anonymity necessary?

The Plaintiff shall submit her supplemental briefing on this issue within 14 days of this order. The Court will permit the Plaintiff to proceed anonymously until it has the opportunity to review the supplemental briefing and make a conclusive ruling on the matter.

The Court also **DIRECTS** the Plaintiff to serve a copy of her motion, her complaint, and this order on the Defendant. In any public filing by the Defendant, the Defendant shall not reveal any identifying information about the Plaintiff and shall use the Plaintiff's pseudonym only.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

        ENTER:    January 12, 2017

        ROBERT C. CHAMBERS, CHIEF JUDGE