## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON DIVISION

JANE ROE,

                           Plaintiff,

v.                                 CIVIL ACTION NO.   3:17-0094

WAYNE COUNTY BOARD OF EDUCATION,

                           Defendant.

### ORDER

Plaintiff filed with the Court a motion requesting that she be permitted to file her complaint and proceed in the case anonymously, or in the alternative, to proceed using only her initials. ECF No. 4. In an Order dated January 12, 2017, the Court provisionally granted Plaintiff's motion, ordering further explanation of her request to proceed anonymously. Plaintiff tendered her additional briefing, and upon consideration of the additional argument, the Court **GRANTS** Plaintiff's motion to proceed anonymously.

The Fourth Circuit has held that district courts should consider an illustrative list of factors when considering a request to proceed anonymously. They are:

> whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically to innocent non-parties; the ages of the persons whose privacy interests are sought to be protected; whether the action is against a governmental or private party; and relatedly the risk of unfairness to the opposing party from allowing an action against it proceed anonymously.

*James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993). A court's permission to proceed anonymously, the Fourth Circuit later explained, should be supported by "extraordinary circumstances" and an attempt to balance "the party's stated interest in anonymity against the public's interest in openness." *Doe v. Pub. Citizen*, 749 F.3d 246, 273 (4th Cir. 2014).

Plaintiff, in light of the circumstances, has made the proper showing to proceed anonymously. Plaintiff claims that her allegations against the Wayne County Board of Education will require her to reveal facts of sensitive and personal nature. Plaintiff explains that she will have to reveal details of sexual abuse suffered as a child and her current mental health condition claimed to be the result of the abuse. It was this condition, Plaintiff alleges, that led to her constructive discharge from the employ of the Board of Education.

Plaintiff also claims that divulging her name poses a risk of harm to her and innocent minors not involved in this case. Specifically, Plaintiff believes that revealing her name in connection with the allegations of child abuse and her mental health condition will lead to needless psychological harm from the exacerbation of her current condition. Plaintiff lives in a small town in West Virginia and believes that both she and her family (including minor nieces and nephews) would also face ostracism or stigma if her allegations of abuse were connected to her real name. Plaintiff further explains that she believes that her future employment prospects in her community would be severely impaired by revealing her name. The Board of Education did not file a response to Plaintiff's request.

The Court finds that revealing Plaintiff's name in connection to allegations of sexual abuse as a child and treatment of mental illness in her small town coupled with her future aspirations to continue her teaching career would not only reveal sensitive facts of a personal nature, but also pose a risk of harm to Plaintiff or innocent third parties. *See Doe v. Cabrera*, 307 F.R.D. 1, 6–7

(D.D.C. 2014) (approving the use of a pseudonym by the plaintiff where plaintiff alleged sexual assault by a well-known professional athlete which made it more likely that her name would be indefinitely connected to the case on the internet, subjecting her to the risk of future harassment). The Court is cognizant of the general presumption of openness, but with the ease of widespread dissemination of Plaintiff's sensitive personal information in a small town and her desire to possibly work as a teacher in that community in the future, more harm could befall Plaintiff than might be expected of other plaintiffs in a similar situation. The Court does not believe that the Board of Education will suffer any prejudice by allowing Plaintiff to proceed anonymously. The Plaintiff is willing to reveal her identity to the Board of Education. The Court also notes that the Board of Education has not objected to Plaintiff's request.

Plaintiff's Motion to File Complaint and Proceed Anonymously is therefore **GRANTED** ECF No. 4. In any public filing by the Defendant, the Defendant shall not reveal any identifying information about the Plaintiff and shall use the Plaintiff's pseudonym only. If not done so already, Plaintiff shall reveal her identity to Defendant.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:        March 14, 2017


ROBERT C. CHAMBERS, CHIEF JUDGE