# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# HUNTINGTON DIVISION

JANE ROE,

    Plaintiff,

v.                                                       Case No. 3:17-cv-00094

WAYNE COUNTY BOARD OF
EDUCATION,

    Defendant.

## ORDER

Pending is Defendant's Motion to Compel Interrogatory and Request for Production Responses, (ECF No. 42). The motion pertains to discovery requests served on Plaintiff, which seek the disclosure of information pertaining to factual allegations asserted in the following three paragraphs of the complaint:

> 48. The information conveyed to third parties ultimately led to Plaintiff being suspended and subsequently discharged from the above company, thereby leaving her without any employment or income.
>
> 112. Defendant falsely represented and publicized to the public and members of Plaintiff's community including, but not limited to, coworkers of Plaintiff and persons involved in Plaintiff's subsequent employment that she is mentally unstable.
>
> 113. Defendant's false representation of Plaintiff to the public resulted in Plaintiff's termination from subsequent employment.

In an interrogatory, Plaintiff was asked to provide "all facts known" to her which supported the allegations made in the three paragraphs. In an accompanying request for admission, she was asked to admit that she actually had no evidence supporting the allegations. In a request for production of documents, Plaintiff was asked, in the event

1

that she denied the request for admission, to produce the documents that formed the basis of her denial. In other words, the documents showing that Defendant had made statements to other people about Plaintiff—some of which were false and concerned her mental stability—and these statements led to Plaintiff's termination from subsequent employment.

Plaintiff served responses to the three discovery requests. First, in answer to the interrogatory, Plaintiff described (1) information she disclosed to Defendant's employees regarding her private health information, (2) how Defendant's employees responded to Plaintiff immediately upon hearing the disclosure; and (3) what Plaintiff did thereafter. Consequently, Plaintiff's answer was not responsive to the interrogatory. The interrogatory asked for facts demonstrating that Plaintiff was discharged from subsequent employment due to statements made by Defendant; facts showing that Defendant made false statements that Plaintiff was mentally unstable; and facts indicating that Defendant's false statements about Plaintiff's mental instability led to her discharge from subsequent employment. Clearly, the focus of the interrogatory is on information communicated **by Defendant** to people **other than Plaintiff** and whether **Defendant's communications with people other than Plaintiff** led to Plaintiff's termination from subsequent employment. Accordingly, a recitation of *Plaintiff's* statements to Defendant and Defendant's response to *Plaintiff* is entirely irrelevant to the subject matter of the interrogatory.

In response to the request for admission, Plaintiff denied that she lacked evidence to support the allegations in the three paragraphs of the complaint. Having denied the request for admission, Plaintiff was required to produce any documents she had supporting the denial. Plaintiff provided a copy of her letter of resignation to the

Defendant in which Plaintiff discussed her interactions with Defendant's employees that led to her resignation. Once again, given that Defendant asked for documents pertaining to the allegations contained in the three paragraphs, and the three paragraphs largely involve **Defendant's statements to people other than Plaintiff**, Plaintiff's resignation letter is entirely irrelevant to the subject matter of the request.

Therefore, Plaintiff is hereby **ORDERED** to provide full and complete responses to the above-referenced interrogatory and request for production of documents within **fourteen (14) days** of the date of this Order.[1]

Defendant additionally requests that the Court award it reasonable attorney's fees and costs incurred in filing the motion to compel pursuant to Fed. R. Civ. P. 37(a)(5). Accordingly, it is hereby **ORDERED** that Defendant shall have through and including **February 5, 2018** in which to file an affidavit of reasonable fees and expenses incurred in making the motion to compel, as well as any supportive documentation or argument to justify the amount of fees and expenses requested. *See Robinson v. Equifax Information Services, LLC,* 560 F.3d 235, 243-44 (4th Cir. 2009). Defendant shall explain to the Court why Defendant believes it is entitled to expenses although it failed to file the motion to compel within the time frame allowed by Local Rule. Failure to timely file the affidavit and supporting documentation shall result in a denial of fees and costs.

Plaintiff shall have through and including **February 19, 2018** in which to respond to Defendant's submission. The response shall include any justification that

---

[1] Plaintiff argues that Defendant's motion to compel should be denied, because it was not timely filed under L. R. Civ. P. 37.1(c). While it is true that the motion was filed late, the undersigned finds good cause in this case to extend the deadline to the date on which the motion to compel was filed. Such an extension is not inordinately long, does not interfere with any other deadline in the case, and is not particularly prejudicial to Plaintiff. However, Defendant's delay in filing the motion will be considered when determining whether reasonable costs should be awarded.

3

would obviate against an award of expenses. Failure to file a response shall be deemed an admission of or agreement with the representations and arguments of Defendant. Defendant shall have through and including **February 26, 2018** in which to file a reply memorandum. At the conclusion of the period allowed for briefing, the Court will either schedule a hearing, or simply rule on the request for reasonable fees and costs.

The Clerk is instructed to provide a copy of this Order to counsel of record and any unrepresented party.

**ENTERED:** January 22, 2018

_____
Cheryl A. Eifert
United States Magistrate Judge